

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 2 2 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| 1. THE UNITED STATES OF AMERICA, ) | |
| 2. JENNIFER PITTMAN, ) | |
| 3. SCOTT PITTMAN, ) | |
| 4. JESSICA PERKINS, ) | |
| 5. CHRISTOPHER PERKINS, and ) | |
| 6. DEBBIE JORDAN, ) | |

CIV-13-1129 R

|  |  |
|---|---|
| 1. THE UNITED STATES OF AMERICA, | |
| 2. JENNIFER PITTMAN, | |
| 3. SCOTT PITTMAN, | |
| 4. JESSICA PERKINS, | |
| 5. CHRISTOPHER PERKINS, and | |
| 6. DEBBIE JORDAN, | ORIGINAL COMPLAINT AND JURY DEMAND |
|  | |
| Plaintiffs, | |
|  | |
| v. | FILED IN CAMERA SEALED PURSUANT TO 31 U.S.C. § 3730(b)(2) |
|  | |
| 1. LEXIE DARLENE GEORGE a/k/a LEXIE DARLENE BATCHELOR, | |
| 2. EDWARD BATCHELOR, III, | CASE NO. _____ |
| 3. HEATHER DOSS, | |
| 4. JUDSON COOK, and | |
| 5. LXE COUNSELING, LLC, | |
|  | |
| Defendants. | |

## COMPLAINT

For its Complaint, the United States of America alleges:

## JURISDICTION AND VENUE

1.     This court has jurisdiction pursuant to the False Claims Act, 31 U.S.C. § 3732, and 28 U.S.C. §§ 1331 and 1345.

2.     Defendant conducted business and presented or caused to be presented false or fraudulent claims in this district and received proceeds from those false or fraudulent claims; therefore, venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732.

1

## THE PARTIES

3.     Plaintiffs are Relator Jennifer Pittman ("J.Pittman"), Relator Scott Pittman ("S.Pittman"), Relator Jessica Perkins ("J.Perkins"), Relator Christopher Perkins ("C.Perkins"), Relator Debbie Jordan ("D.Jordan"), and the United States (collectively, "Plaintiffs").

4.     Defendant Lexie Darlene Batchelor a/k/a Lexie Darlene George ("Def. Lexie Batchelor") (i) is a resident of the State of Oklahoma; (ii) at all times relevant to this Complaint held one or more behavioral health certifications in the State of Oklahoma; (iii) is married to Defendant Edward Batchelor, III; and (iv) is the mother of Defendant Judson Cook and Defendant Heather Doss.

5.     Defendant Edward Batchelor, III ("Def. Ed Batchelor") (i) is a resident of the State of Oklahoma; (ii) at least during a portion of the time relevant to this Complaint is believed not to have held any behavioral health certifications in the State of Oklahoma; and (iii) is married to Def. Lexie Batchelor.

6.     Defendant Judson Cook ("Def. Jud Cook") (i) is a resident of the State of Oklahoma; (ii)  at least during a portion of the time relevant to this Complaint is believed not to have held any behavioral health certifications in the State of Oklahoma; and (iii) is the/a son of Def. Lexie Batchelor.

7.     Defendant Heather Doss (a/k/a Heather Cook)("Def. Heather Doss") (i) is a resident of the State of Oklahoma; (ii) at least during a portion of the time relevant to this Complaint is believed to have held one or more behavioral health certifications in the State of Oklahoma; and (iii) is the/a daughter of Def. Lexie Batchelor.

8.     Defendant LXE Counseling, LLC ("Def. LXE") (i) is organized and domiciled in the State of Oklahoma; (ii) conducts business throughout the State of Oklahoma, including within the geographic jurisdiction of the United States District Court for the Western District of Oklahoma; (iii) is, based on knowledge and belief, owned at least in part by Def. Lexie Batchelor; (iv) is directed in whole, or at least substantially, by Def. Lexie Batchelor.

## THE FALSE CLAIMS ACT

The allegations set forth in paragraphs 1-8 are hereby incorporated as if fully set forth herein.

9.     The False Claims Act ("FCA"; 31 U.S.C. § 3729-3731) provides, *inter alia*, that any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim is liable to the United States for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages the Government sustains.  31 U.S.C. § 3729(a) and (b).

10.    "Knowing" and "knowingly" mean that a person, with respect to information, (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b).

3

11.     Employees, contractors, and/or agents who are discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against because of lawful acts done in furtherance of an action under or to stop violations of the FCA are entitled to relief for such damages, including reinstatement, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.  31 U.S.C. § 3730(h).

## MEDICAID PROGRAM

The allegations set forth in paragraphs 1-11 are hereby incorporated as if fully set forth herein.

12.     Medicaid was enacted by Congress on July 30, 1965, under Title XIX of the Social Security Act, as a health coverage program intended to provide medical benefits to those who could not afford necessary medical expenses.

13.     Oklahoma Medicaid ("SoonerCare") is a jointly funded program by the federal and state government and is administered by the Oklahoma Health Care Authority ("OHCA"), an Oklahoma State agency responsible for receiving, reviewing, and paying properly compliant Medicaid claims submitted by health care providers.

14.     To be eligible for payment, providers must have on file with the OHCA a SoonerCare Provider Agreement specific to the type of service they provide, wherein the provider certifies that all information submitted on claims to the OHCA for payment is accurate and complete, and which certifies and assures to the OHCA that OHCA's requirements are met.  Okla. Admin. Code § 317:30-3-2.

15.     Defendants, individually and/or collectively through Def. LXE, had such an agreement(s) on file with OHCA.

16.     At all times relevant to this Complaint, Defendants billed Medicaid or caused Medicaid to be billed for services and were reimbursed through Medicaid based on the claims Defendants submitted or caused to be submitted ("Claim" or "Claims").

17.     Defendants are required to bill Medicaid in accordance with the OHCA's regulations and provider billing and procedure manuals.  The OHCA's prescribed billing codes ("Codes") represent procedures and services provided by qualified health care professionals for specified services rendered by such professionals holding proper credentials.

18.     Health care professionals use the Codes to describe the services for which they seek reimbursement from OHCA via Claims.  Medicaid then uses the submitted Codes, *inter alia*, to decide whether to grant or deny payment on the Claims.

## DEFENDANT'S BILLING SCHEMES

The allegations set forth in paragraphs 1-18 are hereby incorporated as if fully set forth herein.

19.     From at least January 2010 through the present, Defendants have operated an organization wherein ongoing, deliberate schemes have been employed, comprised of actions directed and taken for the purpose of submitting or causing to be submitted volumes of false Claims to obtain payment from OHCA under the Meidciad outpatient behavioral therapy program(s).

20.     According to the OHCA regulations and billing and coding instructions for the services of the type for which Defendants make Claims, the categories of services with specific Codes include Evaluation & Management, Treatment, and Support.  Each of the three categories of services includes individual billing Codes which specify various conditions and severities particular to the patient, and the conditions and requirements for particular treatments.  For each patient eligible for such treatment, the period of time for which OHCA grants authorization for treatment is prescribed, including, for example, a 30-day and up-to-3-months period.

21.     From at least January 2010 through the present, Defendants used the above mentioned Codes in a variety of schemes to defraud the United States.

22.     "Upcoding" occurs when, e.g., a provider bills OHCA for services purported to have been, but were not, provided, or that were provided at one level of service but coded and submitted at a higher level.

23.     Defendants routinely made or caused to be made Claims to OHCA for services that were not at all provided.  Defendants billed for 270 minutes of services claimed to have been provided to two patients on October 27, 2011, under the provider name "Lexie Batchelor," when on that day the funeral of the mother of Def. Lexie Batchelor was held and which Def. Lexie Batchelor was attending.  Additionally on that day, Defendants billed for 900 minutes of services claimed to have been provided to five patients under the provider name "Heather Lynn Doss" (i.e., Def. Healther Doss, daughter of Def. Lexie Batchelor, and granddaughter of the deceased), when Def. Heather Doss was attending her grandmother's funeral.

6

24.    Defendants routinely made or caused to be made Claims to OHCA that were provided by one provider, but submitted as if provided by a different provider. From at least September 13, 2010, through October 15, 2011, Defendants billed for at least 47,169 minutes of services under the provider name "Lexie George" (i.e., a/k/a Def. Lexie Batchelor), when such services, if provided at all, were provided by an unlicensed or under-licensed individual (i.e., insufficiently qualified or credentialed to provide the services purportedly provided), Def. Jud Cook and/or one of Def. Lexie Batchelor's brothers Randy Tate or Tom Tate, and/or others un- or under-licensed.

25.    Defendants routinely forged or directed LXE agents to forge patient signatures to documents requiring a patient's signature, or to forge licensed providers signatures to documents requiring licensed providers signatures.

26.    At the time Claims were made, Defendants knew of the inaccuracies and falsities of the Claims they made to OHCA.

27.    At the time Claims were made, Defendants directed all medical office staff to submit inaccurate and/or false Claims, including both employed individuals and independent contractors.

28.    Defendants retaliated against employed individuals and independent contractors if any such individuals or contractors questioned Defendants' actions or the directions Defendants gave regarding the activities associated with Defendants' scheme.

29    Defendants conspired and agreed to present or cause to be presented false or fraudulent Claims for payment or approval, intended to present or cause to be

presented such Claims, and one or more Defendants committed one or more overt acts in furtherance of presenting or causing to be presented such Claims.

### COUNT I – FALSE CLAIMS SUBMITTED

The allegations set forth in paragraphs 1-29 are hereby incorporated as if fully set forth herein.

30.     This is a claim for treble damages and monetary penalties for violations of 31 U.S.C. § 3729(a)(1)(A), (B), and (C).

31.     From at least January 2010 through the present, Defendants knowingly presented or caused to be presented false or fraudulent Claims to the United States for payment or approval, seeking reimbursement from Medicaid.

### COUNT 2 - CONSPIRACY TO VIOLATE THE FALSE CLAIMS ACT

The allegations set forth in paragraphs 1-31 are hereby incorporated as if fully set forth herein.

32.     From at least January 2010 through the present, Defendants agreed to conduct various schemes knowing such actions were in violation of 31 U.S.C. § 3729(a)(1)(A) and (B) as described herein, and committed one or more overt acts in furtherance of such schemes.

### COUNT 3 - RETALIATION IN VIOLATION OF 31 U.S.C. § 3730(h)

The allegations set forth in paragraphs 1-32 are hereby incorporated as if fully set forth herein.

33.     During her employment with LXE at various dates and times, D.Jordan questioned to one or more Defendants regarding the propriety of their actions as described herein and in which D.Jordan believed were in violation of the FCA.

34.     In violation of 31 U.S.C. § 3730(h), subsequent to D.Jordan's questioning Defendants, Defendants retaliated against D.Jordan by significantly reducing the number of patients Defendants had assigned to a D.Jordan, with said patients being reassigned by Defendants to other providers so as to significantly reduce D.Jordan's ability to exercise her skills, knowledge, training and experience, and to significantly reduce D.Jordan's income and ability to earn an income.

35.     As a result of Defendants' actions in retaliation against D.Jordan in violation of 31 U.S.C. § 3729(h), D.Jordan has suffered and continues to suffer from a significant loss in income.

36.     During his employment with LXE at various dates and times, C.Perkins questioned to one or more Defendants regarding the propriety of their actions as described herein and in which C.Perkins believed were in violation of the FCA.

37.     In violation of 31 U.S.C. § 3730(h), subsequent to C.Perkins questioning Defendants, Defendants retaliated against C.Perkins by removing from him access to patient medical records necessary for his job performance, by eliminating responsibilities from his job duties which required access to patients medical records, and by decreasing his pay, all of which provided him no reasonable option but to be constructively terminated as manifest by his resignation, the result of which is his since having suffered and continuing to suffer from a significant loss in income.

38.    As a result of Defendants' actions in retaliation against C.Perkins in violation of 31 U.S.C. § 3729(h), C.Perkins has suffered and continues to suffer from a significant loss in income.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs demand and pray that judgment be entered in favor of the Plaintiffs and against the Defendants as follows:

1.    For treble the amount of damages sustained by the United States plus civil penalties of not less than $5,500 and not more than $11,000 for each false claim submitted.

2.    For all costs and attorney fees of this civil action.

3.    For relief as statutorily prescribed for retaliatory actions against D.Jordan.

4.    For relief as statutorily prescribed for retaliatory actions against C.Perkins.

4.    And for such other relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Wayne Allison
Wayne Allison, OBA# 21933
Meyer, Leonard & Allison, PLLC
116 E. Sheridan, Ste.207
Oklahoma City, OK 73104
wallison@meyerleonard.com
405-702-9900; fax 866-266-2781

10