IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Ex rel., JENNIFER PITTMAN, ) <br> SCOTT PITTMAN, JESSICA ) <br> PERKINS, CHRISTOPHER ) <br> PERKINS, DEBBIE JORDAN; and ) <br> THE STATE OF OKLAHOMA, ) <br> ex rel., JENNIFER PITTMAN, )\ <br> SCOTT PITTMAN, JESSICA ) <br> PERKINS, CHROSTPHER ) <br> PERKINS and DEBBIE JORDAN, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LXE COUNSELING, LLC, ) <br> LEXIE DARLENE GEORGE a/k/a ) <br> LEXIE DARLENE BATCHELOR, ) <br> and HEATHER DOSS, ) <br> ) <br>     Defendants. ) | Case No. CIV-13-1129-R |

## ORDER

Before the Court is Defendant Heather Doss' motion to assert the Fifth Amendment privilege or, alternatively, a motion to hold this case in abeyance and motion to adopt the motion to dismiss filed by Defendants LXE Counseling, LLC and Lexie Darlene Batchelor's motion to dismiss. Doc. No. 51. Plaintiffs United States and State of Oklahoma oppose this motion. *See* Doc. No. 54. Defendant Doss argues that she cannot file an answer without possibly waiving her Fifth Amendment privilege against self-incrimination. If required to file an answer herein, Defendant states that she may subject herself to criminal liability because two of the statutes listed in the three claims of

the complaint have direct criminal penalties and the third statutory claim has a criminal penalty at 18 U.S.C. § 287. Defendant asserts that her answer in this civil case could or might disclose certain incriminating facts or provide certain links to evidence which might be incriminating. She proposes that she answer only the allegations of venue and jurisdiction so that waiver of her right against self-incrimination could not be inferred. Finally, she suggests that Plaintiffs could resolve Defendant's problem by granting her complete immunity from prosecution.

However, as Plaintiffs point out, "[b]lanket assertions of the privilege [against self-incrimination] are inappropriate in civil cases." *United States v. Nipper*, 210 F.Supp.2d 1259, 122-63 (N.D. Okla. 2002). *See also United States v. Riewe*, 676 F.2d 418, 420 n. 1 (10th Cir. 1982)("no blanket Fourth or Fifth Amendment privileges against testifying or producing documents are recognized"). A party asserting the privilege against self-incrimination must evaluate each individual allegation, question or request; make the required determination as to whether there is a likelihood of incrimination; and, if appropriate, assert the privilege and basis for claiming it. *See e.g., United States v. Clark,* 847 F.2d 1467, 1474 (10th 1988)("specificity is required to properly invoke Fifth Amendment protection."); *United States v. Schmidt,* 816 F.2d 1477, 1482 (10th Cir. 1987)("Fifth Amendment privilege claims must be made "to specific documents and in response to individual questions."). *See also Roach v. National Transportation Safety Board*, 804 F.2d 1147, 1151 (10th Cir. 1986)("[A] witness must normally take the stand, be sworn to testify, and assert the privilege in response to each allegedly incriminating question as it is asked.").

Notably, Defendant Doss does not cite any legal authority that stands for the proposition that Fifth Amendment concerns excuse her from answering the complaint or participating in discovery. Indeed, in *PNC Bank v. Maranatha Properties, Inc.*, the Court struck an answer that declined to respond to all seventy-five paragraphs of the plaintiff's complaint on Fifth Amendment grounds. 2016 WL 259566 at *3 (M.D. Fla. Jan 21, 2016)(No. 5:15-cv-563-Oc-30PRL). Defendant must do what the Fourth Circuit in *North River Insurance Co. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987) ordered the defendant to do: "answer those allegations that [s]he can and to make a specific claim of privilege as to the rest." "[A] proper invocation of the privilege" does not "mean that a defendant is excused from the requirement to file a responsive pleading." *Id.* Accord *FDIC v. Renda*, 1987 WL 348635 at *3 (D. Kan. Aug. 6, 1987)(CIV.A.85-2216-O).

Plaintiff has not briefed her motion for an abeyance. Therefore, the Court does not address that motion. The Court will address Defendant's motion to adopt the motion to dismiss filed by Defendants LXE Counseling, LLC and Lexie Darlene Batchelor in connection with its order on that motion.

In accordance with the foregoing, Defendant Heather Doss' motion to assert a blanket Fifth Amendment privilege in or in lieu of an answer and her motion for an abeyance are DENIED. Defendant's motion to adopt the motion to dismiss filed by other Defendants herein [Doc. No. 50] is GRANTED.

IT IS SO ORDERED this 10th day of February, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE