IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Ex rel., JENNIFER PITTMAN, | ) |
| SCOTT PITTMAN, JESSICA | ) |
| PERKINS, CHRISTOPHER | ) |
| PERKINS, DEBBIE JORDAN; and | ) |
| THE STATE OF OKLAHOMA, | ) |
| ex rel., JENNIFER PITTMAN, | )\ |
| SCOTT PITTMAN, JESSICA | ) |
| PERKINS, CHROSTPHER | ) |
| PERKINS and DEBBIE JORDAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-13-1129-R |
| | ) |
| LXE COUNSELING, LLC, | ) |
| LEXIE DARLENE GEORGE a/k/a | ) |
| LEXIE DARLENE BATCHELOR, | ) |
| and HEATHER DOSS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the motion of Defendants LXE Counseling, LLC and Lexie Darlene Batchelor, in which Defendant Heather Doss joins, to dismiss Count I, Claim V of Plaintiffs' Complaint. In support of their motion, Defendants first argue that the Government's claims do not comport with the policies underlying the False Claims Act because "the Government should be permitted to pursue an FCA claim only in the rare circumstance in which it can be shown that 'the performance of the service [for which the Government pays] is so deficient that for all practical purposes it is the equivalent of no performance at all.'" Defendants' motion at pp. 9-10, *quoting Mikes v. Straus*, 274 F.3d

687, 703 (2d Cri. 2001). Defendants expand upon this argument, asserting that the Government has at most alleged that the psychosocial rehabilitation services (PSR) were inefficient but has not and cannot allege that those services were worthless. In addition, Defendants argue that the Government has not plausibly alleged that the applicable regulatory amendments made the challenged PSR services "worthless" in the absence of psychotherapy or that Defendant Batchelor possessed knowledge of such change in the compensability of the challenged PSR services.

The Government in response states that Defendants have mischaracterized the Government's claim in Count I, Claim V because it is not one for the provision of worthless services. Rather, the Government asserts that Defendants made claims for payment of services which were not authorized under the regulations, specifically, standalone PSR services provided by Defendants were not authorized or compensable under the "Billing limits" provision of the Oklahoma Health Care Act regulations. That provision, which took effect as an emergency rule on January 15, 2013 and became permanent on July 1, 2013, provided in pertinent part as follows:

> PSR services are time-limited services designed to be provided over the briefest and most effective period possible <u>and as adjunct enhancing interventions to compliment more intensive behavioral health therapies.</u>
>
> Okla. Admin. Code § 317:30-5-241.3(b)(5)(E)<br>(emphasis added) (quoted in Complaint at ¶ 132).

Pursuant to that regulation, according to the Government, PSR services are only permitted to be billed when they are <u>adjunct</u> to medically necessary psychotherapy services. In addition, the Government argues that Defendants LXE and Ms. Batchelor

2

made express false certifications of compliance with the PSR regulation in treatment plans and in the provider agreements and made implied false certifications each time they submitted a PSR claim for payment. The Government further argues that Defendants' argument that the PSR claims were not knowingly submitted is without merit. In this regard, the Government contends that in light of the express language of the regulation as well as the notice documents discussed in the Complaint, the Defendants cannot claim ignorance of the falsity of the claims for payment. Moreover, the Government points out that Defendants are really disputing the factual allegations in the Complaint, *see* Complaint at ¶ 155, which is inappropriate on a motion to dismiss, in which the factual allegations must be accepted as true. Finally, the Government argues that Defendants' claim that the Government knew of Defendants' fraudulent conduct is another improper summary judgment argument which is in any event unsupported.

Defendants in reply assert that the Government has not alleged actionable express certification claims. With respect to the Government's provider agreement theory, Defendants argue that such theory has not been alleged and anyway is not viable because the certification in the provider agreement is a mere forward looking statement or promise, not a false representation that would support an actionable FCA claim, citing *U.S. ex rel. Kennedy v. Aventis Pharmaceuticals, Inc.*, 610 F.Supp.2d 938, 946 (N.D. Ill. 2009) and *United States ex rel Westmoreland v. Angen, Inc.*, 707 F.Supp.2d 123, 136 (D. Mass. 2010), *aff'd in part and rev'd in part*, 652 F.3d 103 (1ST Cir. 2011). Moreover, Defendants argue that to state an actionable express certification claim, the Government must allege a defendant falsely and expressly certified compliance with a *particular*

statute or regulation and where compliance is a prerequisite to payment, citing *U.S. ex rel. Lemon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1168 (10th Cir. 2010). They argue that no FCA liability attaches where the Government alleges falsely certified compliance with a broader "condition of participation" in a program such as Medicaid, citing *U.S. ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1220 (10th Cir. 2008). Finally, they argue that the Government has not plausibly alleged that the provision of complimentary psychotherapy services was or is a condition of the Government's payment for PSR services. Next, Defendants argue that the Government's treatment plan theory is not viable because it was not pleaded in the Complaint and even it if were, it would lack merit. This is so, they contend, because there is no allegation that either LXE or Ms. Batchelor did not believe psychotherapy services were necessary at the time the statements were made. Defendants maintain that no allegation in the Complaint or in the response intimates that LXE and/or Ms. Batchelor falsely certified in the treatment plans that psychotherapy was necessary and that it would be provided. Moreover, Defendants argue, there is no credible allegation that the provision of psychotherapy services was a condition for payment of the PSR services in questions. This, Defendants urge, is fatal to the Government's treatment plan theory of express certification. Finally, Defendants argue that the Government has not alleged actionable implied certification claims and that the theory also lacks merit. In this regard, Defendants state that the United States Supreme Court has recently granted certiorari to resolve a circuit split regarding the legal efficacy of this theory of False Claims Act (FCA) liability citing *United Health Services, Inc. v. United States ex rel. Escobar*, 2015 WL 4078340 at *1 (U.S. Dec. 4, 2015)(No.

4

15-7). Defendants suggest that the Court should side with the Fifth and Seventh Circuit in concluding that there is no proper implied certification theory of FCA liability. Nevertheless, they argue that the Government's claims should be dismissed even under existing Tenth Circuit precedent because there was no requirement that psychotherapy be provided alongside PSR services, only that in the absence of such services, PSR services are "inefficient" and will not achieve maximum improvement to the client, citing the Complaint at ¶ 145. In the end, Defendants posit, the Government's theory is built on a series of unsupported and unreasonable inferences, that is, that the regulations were amended to require psychotherapy and that the new requirement was material to the Government's decision to pay for PSR services moving forward. The reality, Defendants maintain is that the regulations were not changed to require psychotherapy either in the abstract or as a condition of payment for PSR services. Thus, Defendants conclude, there were no implied false certifications.

The Government has alleged that Defendants LXE, Batchelor and Doss submitted signature forms affirming their agreement to Sooner Care General Provider Agreements. *See* Complaint at ¶ 28-31. In such provider agreements, Defendants agreed to comply with all applicable statutes, regulations, policies and properly promulgated rules of OHCA, *see id.* at ¶ 29, and that for each claim for payment that the services for which payment is billed by or on behalf of provider were medically necessary as defined by OAC 317.30-3-1(f) and were rendered by provider. *Id.* But as Defendants argue, a defendant's alleged false certification that it was in compliance with Medicaid statutes and regulations cannot form the basis of a cause of action under the FCA. *See U.S. ex.*

*Re. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1218-19 (10th Cir. 2008). Rather, a false certification is actionable under the FCA only if it leads the government to make a payment it would otherwise not have made. *Id.* at 1219. Certifications that contain only general sweeping language and do not contain language stating that payment is conditional on perfect compliance with any particular law or regulation are not actionable. *Id.* at 1219. In addition, the Court agrees with Defendants that the certifications of the provider agreements are forward looking statements or promises, not false representations. *See United States ex rel. Kennedy v. Aventis Pharmaceuticals, Inc.*, 610 F.Supp. 938, 946 (N.D. Ill. 2009). Finally, the Court observes that Plaintiffs have not alleged that Defendants expressly affirmed the provider agreements knowing their falsity. *See United States ex rel. Westmoreland v. Amgen, Inc.* 707 F.Supp.2d 123, 36 (D. Mass. 2010)(*aff'd in part and rev'd in part*, 652 F.3d 103 (1st Cir. 2011)(a prospective certification may be actionable as a false claim only if it is alleged that the providers expressly made such statements knowing its falsity).

The Government's theory that treatment plans for patients constituted express certifications that psychotherapy treatments were medically necessary fares better. The Complaint alleges that at the time treatment plans for Level 4 members were completed by LXE and Batchelor, they were aware that psychotherapy services were medically necessary, *see* Complaint at ¶ 146, but these clients received only rehabilitation services and did not receive even a single hour of psychotherapy. *Id.* at 147. Moreover, Plaintiffs allege that the treatment plans must be updated every six months and that even after the treatment renewal plans were prepared, the members did not receive the necessary

6

psychotherapy services and received only psychosocial rehabilitation. *See id* at ¶ 148. It may reasonably be inferred from these allegations that the treatment plans prepared by Defendants for Level 4 members were knowingly false, *i.e.,* that there was no intent to provide psychotherapy treatment for the Level 4 members.

Where an implied false certification is alleged, as here, courts do not look at a contractor's actual statements but focus on the underlying contracts, statutes or regulations themselves to ascertain whether they make compliance a prerequisite to the government's payment. *United States ex rel Conner v. Salina Regional Health Center, Inc.*, 543 F.3d at 1218. If a contractor knowingly violates such a condition while attempting to collect remuneration from the government, the contractor may have submitted an impliedly false claim. *Id.*. In this case the amended regulation provided that billing for PSR services was limited to an adjunct to more intensive behavioral health therapies, *i.e.,* psychotherapy. However, Defendant LXE is alleged to have knowingly submitted claims to Medicaid for "PSR services that were unnecessary, incomplete, or ineffective because they were not accompanied by more intensive psychotherapy treatment." Complaint at ¶ 151. Indeed the Complaint alleges that "[f]rom approximately February 1, 2013 through June 6, 2015, LXE submitted for payment 16,343 claims for PSR treatments given to Level of Care 4 members who never received any psychotherapy services" and that LXE received a total of $1,133,689.59 for these false claims. *Id.* at ¶ 152. In addition, Plaintiffs allege that Defendants knew or should have known that the claims submitted were false or that Defendants acted in reckless disregard or deliberate ignorance of the applicable regulations and that the false or

7

fraudulent claims were material to the OHCA in that they had a natural tendency to influence the decision to pay the service fees. *Id.* at ¶¶ 155 & 156. These allegations are sufficient to state a plausible implied false certification claim.

In accordance with the foregoing, the motion of Defendants LXE Counseling, LLC and Lexie Darlene Batchelor, adopted by Defendant Heather Doss, is GRANTED in part and DENIED in part. It is granted as to Plaintiffs' theory of express false certifications in provider agreements in Count I, Claim V, and is DENIED in all other respects.

IT IS SO ORDERED this 11th day of February, 2016.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE