IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., JENNIFER PITTMAN,<br>SCOTT PITTMAN, JESSICA<br>PERKINS, CHRISTOPHER<br>PERKINS, DEBBIE JORDAN; and<br><br>THE STATE OF OKLAHOMA,<br>ex rel., JENNIFER PITTMAN,<br>SCOTT PITTMAN, JESSICA<br>PERKINS, CHRISTOPHER<br>PERKINS and DEBBIE JORDAN,<br><br>    Plaintiffs,<br><br>v.<br><br>LXE COUNSELING, LLC,<br>LEXIE DARLENE GEORGE a/k/a<br>LEXIE DARLENE BATCHELOR,<br>and HEATHER DOSS,<br><br>    Defendants. | Case No. CIV-13-1129-R |

## ORDER ON RELATORS' MOTION FOR ATTORNEY FEES

Before the Court is Relators' Motion for Attorney Fees. Relators' counsel requests an hourly rate of $600 for a proposed 307.7 hours of work on this matter during the period from January 29, 2013 to December 22, 2016. To justify this hourly rate, counsel previously pointed to the "Laffey Matrix," which is used by courts in the Washington, D.C. and Baltimore, Maryland, areas to "establish the rates for attorneys and paralegals under fee-shifting statutes . . . based on the number of years since graduation from law school." *Villanueva v. Account Discovery Systems*, 77 F.Supp.3d 1058, 1080 (D. Colo. 2015).

1

Because—as this Court noted in its earlier Order—"[a] reasonable rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience," this Court specifically ordered Relators' counsel to provide an affidavit stating the hourly rate he typically charges. *Id.;* Doc. 94, at 1. Counsel did not do so, reasoning that "the legal marketplace for qui tam False Claims Act legal work is national, and does not materially vary based upon a particular geographic location where a complaint is filed." (Doc. 95, Ex. 1).

"The setting of a reasonable hourly rate is . . . within the district court's discretion." *Carter v. Sedgwick Cnty., KS*, 36 F.3d 952, 956 (10th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., KS.*, 157 F.3d 1243, 1249 (10th Cir. 1998). Relators' counsel has failed to carry his burden, instead insisting that his requested rate of $600 per hour is reasonable based on the rarity of lawyers well-versed in the False Claims Act and the inherent complexity of the statute. Thus, based on his failure (1) to abide by this Court's Order directing him to provide an affidavit with his usual hourly rate and (2) to provide any other information justifying why a rate of $600 is reasonable in this region, the Court finds that $200 per hour is a reasonable rate.

As for the 307.7 hours he claims he spent on this matter, Relators' counsel has also failed to "prov[e] and establish[] the reasonableness of . . . each hour, above zero." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1210 (10th Cir.1986). "To satisfy this burden, counsel seeking fees must keep contemporaneous and detailed records of [his] time." *Sussman v. Patterson*, 108 F.3d 1206, 1212 (10th Cir. 1997). Put simply, Relators'

counsel's time log is not nearly detailed enough. It is riddled with general and vague descriptions such as "continued research," "call with Debbie Jordan," "data analysis," and "court filings, client communication." (Doc. 92, Ex. 1). Further, the Court finds it odd that Relators' counsel, who describes himself as uniquely qualified to tackle False Claims Act cases, was required to engage in such extensive research in this case. All of this suggests that Relators' counsel's time keeping methods are inflated.

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 261 U.S. 424, 433 (1983). The Court therefore finds that a 35% reduction in the number of hours requested by Relators' counsel is warranted. *See, e.g., Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (finding no abuse of discretion where the district court reduced the number of hours requested by plaintiffs' attorneys by 35% "because of imprecise, inflated, and generalized recording methods").

A thirty-five percent reduction in Relators' counsel's requested 307.7 hours leads to a total of 200.01 hours. At $200 per hour, attorney fees come out to a total of $40,002.00. Relators' counsel has requested that 96.6% of the attorney fees and costs be entered against LXE and Batchelor and that 3.4% be entered against Doss. Judgment for attorney fees and costs are therefore entered in the following amounts:

- Against LXE and Lexie Batchelor in the amount of $38,641.93.
- Against Heather Doss in the amount of $1,360.07.

IT IS SO ORDERED this 6th day of February 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE